
# IN THE SUPREME COURT OF GUAM

## IN RE HI LIFE TOURS, LLC,
Petitioner-Appellee,

**v.**

## GOVERNMENT OF GUAM DEPARTMENT OF PARKS AND RECREATION; ROQUE ALCANTARA, in his official capacity as Director of the Department of Parks and Recreation,
Respondents-Appellees,

**and**

## OCEAN JET, INC. and GUAM OCEAN PARK CORPORATION,
Proposed Intervenors/Real Parties in Interest-Appellants.

## OPINION

## Cite as: 2021 Guam 21

Supreme Court Case No.: CVA19-024
Superior Court Case No.: SP0210-18

Appeal from the Superior Court of Guam
Argued and submitted on April 5, 2021
Via Zoom video conference


E-Received
12/17/2021 2:22:15 PM

Appearing for Proposed Intervenor/Real
Party in Interest-Appellant Ocean Jet, Inc.:
Gary W.F. Gumataotao, *Esq.*
Law Offices of Gumataotao & Pole
456 W. O'Brien Dr., Ste. 104
Hagåtña, GU 96910


Appearing for Proposed Intervenor/Real
Party in Interest-Appellant Guam Ocean
Park Corporation:
Michael D. Flynn, Jr., P.C.
One Agana Bay
446 E. Marine Corps Dr., Ste. 201A
Hagåtña, GU 96910

Appearing for Petitioner-Appellee:
Joshua D. Walsh, *Esq.*
Edwin J. Torres, *Esq.*
Razzano Walsh & Torres, P.C.
139 Murray Blvd., Ste. 100
Hagåtña, GU 96910


Appearing for Respondents-Appellees:
James L. Canto II, *Esq.*
Deputy Attorney General
Office of the Attorney General
Litigation Division
590 S. Marine Corps Dr., Ste. 802
Tamuning, GU 96913

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; KATHERINE A. MARAMAN, Associate Justice; and JOHN A. MANGLONA, Justice *Pro Tempore*.

**MARAMAN, J.:**

**[1]** Applicants for Intervention and Real Parties in Interest-Appellants Ocean Jet, Inc. and Guam Ocean Park Corporation appeal the denial of their motion to intervene and set aside judgment. The Superior Court granted Petitioner-Appellee Hi Life Tours, LLC a writ of prohibition and stipulated judgment directing Respondent-Appellee Department of Parks and Recreation to issue the Permit for Recreational Water Use Management Plan Area Number 6 previously held by Ocean Jet, Inc. to Hi Life Tours, LLC.

**[2]** We reverse and remand for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**[3]** The Department of Parks and Recreation ("DPR") is a government agency responsible for managing public recreational spaces, including through the formulation of "a comprehensive plan and policy for the operation of motorized water recreational craft." 21 GCA §§ 77102, 77119(f) (2005). This plan, known as the Recreational Water-Use Management Plan ("RWUMP"), is contained in Title 10, Chapter 6 of the Guam Administrative Rules and Regulations and "designates specific areas for specific uses . . . to promote safety for persons and properties in and connected with the use, operation and equipment of vessels." 10 Guam Admin. R. & Regs. ("GAR") § 6100 *et seq.* The RWUMP encompasses "the rules and regulations, statu[t]es and maps which govern the use of areas designated as RWUMP areas," and RWUMP areas are those "designated for regulated use by executive order of the Governor." *Id.* § 6101(p), (q).

**[4]** According to the RWUMP, Motorized Water Recreational Craft (MWRCs), including jet skis, 10 GAR § 6101(j), may be operated only in designated MWRC courses, and commercial

MWRC vendors must obtain a permit from DPR to operate in the designated areas. 10 GAR §§ 6108, 6114. There are eight designated RWUMP areas for MWRC use, and only one permit per year is issued for each area. Record on Appeal ("RA"), tab 43 at 2 (Dec. & Order, Nov. 20, 2019). Title 10 GAR § 6115(c) provides that "[a]ll MWRC vendors with authorized permits shall be allowed to continue to operate from year to year in the RWUMP area already designated in their permit." Because of this right of renewal for existing permit holders, the trial court found that "it is customary for DPR to place [other] qualified applicants on a waiting list, with priority given to the longest-waiting applicant" when a permit becomes available. RA, tab 43 at 2 (Dec. & Order).

[5]     This case relates to the permit for RWUMP Area Number 6 ("RWUMP-6"), located in East Agana Bay. Hi Life Tours, LLC dba Joe's Jet Ski ("Joe's Jet Ski"), Ocean Jet, Inc. dba Ocean Jet Club ("Ocean Jet Club"), and Guam Ocean Park Corporation ("Guam Ocean Park") all operate marine sports businesses in Guam. Ocean Jet Club held the permit to operate in RWUMP-6 from July 1, 2018, to June 30, 2019. Ocean Jet Club had previously held the same permit continuously for approximately 28 years. Ocean Jet Club filed for bankruptcy on September 27, 2018. As part of the bankruptcy proceedings, Ocean Jet Club's counsel sent an email to the U.S. Bankruptcy Trustee stating that Ocean Jet Club had "ceased all operations COB the day before filing [bankruptcy]." RA, tab 33 (Decl. Joshua D. Walsh Supp. Opp'n to Mot. Set Aside or Amend J. & Intervene, July 23, 2019), Ex. C at 1 (Email from Frank Gumataotao to Curtis Ching, Sept. 28, 2018). However, the U.S. Trustee Program moved to dismiss the bankruptcy action on November 7, 2018.

[6]     Joe's Jet Ski is a Guam company that operates water recreation activities. Previously, it had only assisted other tour operators with their jet ski operations. However, Joe's Jet Ski wished

to establish its own jet ski operation. When it heard of Ocean Jet Club's bankruptcy filing, Joe's Jet Ski sought confirmation from DPR that it was next on the waitlist. On November 9, 2018, Joe's Jet Ski received a memo from DPR confirming that it was "next in line for the RWUMP permit for area number 6" and that it would be able to acquire the permit "[s]hould the current permit holder relinquish the permit." RA, tab 33, Ex. A (Memo from Jonathan Cramer, Nov. 9, 2018). It is unclear when Joe's Jet Ski first applied for the permit or was placed on the waiting list; Joe's Jet Ski states only that "by 2018 [it] had established itself as next on the DPR waiting list," citing the memo from DPR. Pet'r-Appellee's Br. at 5 (June 29, 2020). On November 29, 2018, Guam Ocean Park also applied for a permit for RWUMP-6, arguing that Ocean Jet Club had relinquished its permit when it filed for bankruptcy.[1]

[7]     Joe's Jet Ski claims that after receiving the DPR memo confirming its priority status, on November 30, 2018, it learned that DPR instead intended to issue the permit for RWUMP-6 to another company that was not on the waiting list. RA, tab 1 at 4 (V. Pet. Alt. Writ Prohibition, Dec. 18, 2018); *see also* Pet'r-Appellee's Br. at 6. Joe's Jet Ski provides no factual evidence on the record to support this assertion. It states it submitted a Guam Sunshine Act request on December 10, 2018, in an attempt to obtain records confirming this rumor, to which the DPR director "refused to respond" until a new director took office, and the requested documents were released on January 22, 2019. Pet'r-Appellee's Br. at 6–7.[2] However, the released documents

---

[1] At this point in time, Ocean Jet Club and Guam Ocean Park were adverse parties and had not entered into any agreements. *See* Appellants' Reply Br. at 15–16 (July 27, 2020).

[2] These requests and the referenced documents are not in the record on appeal. However, Joe's Jet Ski notes that prior to the release of the documents, it lodged a complaint pursuant to the Guam Sunshine Act on January 3, 2019, in Superior Court Case No. CV0010-19. Joe's Jet Ski notes that the requests and the documents ultimately produced are contained in the record of that case and asks the court to take judicial notice of them under Guam Rule of Appellate Procedure 6(a) and Guam Rule of Evidence 201.

revealed only that Guam Ocean Park had previously submitted its own application for RWUMP-6—they revealed no intention of DPR to issue the permit to Guam Ocean Park. *See id.* at 7–8.

[8]     While waiting for the requested records, Joe's Jet Ski filed a Verified Petition for Alternative Writ of Prohibition on December 18, 2018, seeking to restrain DPR "from issuing a RWUMP permit for area six in East Agana Bay to any entity other than [Joe's Jet Ski]." RA, tab 1 at 3 (V. Pet. Alt. Writ Prohibition). The trial court issued the Alternative Writ of Prohibition on December 27, 2018, prohibiting DPR from "issuing a 2018-2019 permit for [RWUMP] Area Six in East Agana Bay to any entity other than [Joe's Jet Ski]." RA, tab 7 at 1 (Alt. Writ Prohibition & Order Directing Issuance, Dec. 27, 2018).

[9]     On March 15, 2019, Ocean Jet Club and Guam Ocean Park entered a "Settlement Agreement" wherein Ocean Jet Club granted Guam Ocean Park an "exclusive and irrevocable license to use [Ocean Jet Club's] RWUMP-06 permit for an indeterminate amount of time." RA, tab 43 at 4 (Dec. & Order). In exchange, Guam Ocean Park would "provide for the continued existence of [Ocean Jet Club] and [Ocean Jet Club's] business so that [Guam Ocean Park] can continue to use the [Ocean Jet Club] RWUMP Permit far into the future." RA, tab 22, Ex. B at 2 (Mot. Set Aside or Amend J. & Intervene, June 24, 2019).

[10]    Ocean Jet Club claims that on June 13, 2019, it attempted to file an application to renew its RWUMP-6 permit but was informed by DPR that DPR was prohibited from issuing the permit to anyone but Joe's Jet Ski by order of the writ and subsequent judgment filed in the Superior Court. Ocean Jet Club maintains that this was the first it had any knowledge of the writ issued to Joe's Jet Ski. According to the application itself, DPR received Ocean Jet Club's renewal application on June 25, 2019. Ocean Jet Club, joined by Guam Ocean Park, filed for an *ex parte* hearing on its Motion to Set Aside or Amend Judgment and Intervene on June 24, 2019, eleven

days after learning of the Alternative Writ of Prohibition. After briefing and a hearing, but without hearing evidence or entertaining witnesses, the trial court denied the motion in a Decision and Order of November 20, 2019. Ocean Jet Club and Guam Ocean Park filed a joint notice of appeal.

## II. JURISDICTION

[11]     This court has jurisdiction over an appeal from a final judgment of the Superior Court under 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-57 (2021)) and 7 GCA §§ 3107 and 3108(a) (2005). The Superior Court's Decision and Order denying Appellants' Motion to Set Aside Judgment and Intervene is treated as a "final judgment" for purposes of appeal. *See Limtiaco v. Camacho (Guam Music, Inc.)*, 2009 Guam 7 ¶ 7.

[12]     Ocean Jet Club and Guam Ocean Park also challenge the Superior Court's subject matter jurisdiction over Joe's Jet Ski's petition for an alternative writ of prohibition, a proceeding to which Ocean Jet Club and Guam Ocean Park have yet been made parties. Further, the challenge to Joe's Jet Ski's standing was not raised below, either during the hearing on the writ itself or the hearing on Ocean Jet Club and Guam Ocean Park's motion to intervene. This raises two jurisdictional concerns on appeal: whether a non-party may challenge a court's subject matter jurisdiction over a proceeding, and whether subject matter jurisdiction challenges may be made for the first time on appeal.

[13]     Guam Rule of Civil Procedure ("GRCP") 12(h)(3) states: "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Guam R. Civ. P. 12(h)(3) (emphasis added). Rule 12(h)(3) is identical to a former version of Federal Rule of Civil Procedure ("FRCP") 12(h)(3).[3] Courts interpreting former FRCP 12(h)(3) have held that a non-party may challenge a court's subject

---

[3] FRCP 12(h)(3) has since been amended to read: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

matter jurisdiction based on the inclusion of the phrase "or otherwise." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (citing *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987)); *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 36 (N.D.N.Y. 2005); *City of New York v. Waterfront Airways, Inc.*, 620 F. Supp. 411, 413 (S.D.N.Y. 1985). Similarly, this court has held that questions of subject matter jurisdiction "may be raised at any stage of the proceedings, including for the first time on appeal." *Taitano v. Lujan*, 2005 Guam 26 ¶ 15 (quoting *A–Z Int'l v. Phillips*, 179 F.3d 1187, 1190–91 (9th Cir. 1999) (recognizing that standing, as component of subject matter jurisdiction, can be raised first on appeal)); *see also Pac. Rock Corp. v. Perez*, 2005 Guam 15 ¶¶ 24–25, 29 (allowing post-judgment, collateral attack based on sovereign immunity because it would bar subject matter jurisdiction).

[14]     There does not appear to be any authority in Guam or elsewhere holding that these situations should be treated differently when occurring simultaneously. Therefore, we may consider a jurisdictional challenge brought by Ocean Jet Club and Guam Ocean Park as non-parties for the first time on appeal.

## III. STANDARD OF REVIEW

[15]     "A denial of a motion to intervene as of right is reviewed *de novo*." *Guam Music*, 2009 Guam 7 ¶ 8. "The [trial] court's decision on the issue of timeliness [of a motion to intervene], however, is reviewed for abuse of discretion." *Id.*; *see also Hee K. Cho v. Fujita Kanko Guam, Inc.*, 2009 Guam 21 ¶ 21. "An abuse of discretion occurs where the court does not apply the proper legal standard or its findings of fact are clearly erroneous." *Cho*, 2009 Guam 21 ¶ 21.

[16]     The effect, if any, of Ocean Jet Club's bankruptcy filing on the status of its RWUMP permit is a question of law reviewed *de novo*. *See, e.g.*, *Xerox Corp. v. Office of Pub. Accountability*,

2014 Guam 14 ¶ 11 (reviewing interpretation of Guam's procurement laws *de novo*). Whether Ocean Jet Club had a statutory right to renew its RWUMP permit is an issue of statutory interpretation reviewed *de novo*. *See, e.g.*, *Port Auth. of Guam v. Civ. Serv. Comm'n (Javelosa)*, 2018 Guam 9 ¶ 6 (reviewing interpretation of 4 GCA § 4407 *de novo*); *Ada v. Guam Tel. Auth.*, 1999 Guam 10 ¶ 10 (reviewing interpretation of 12 GCA § 7104 *de novo*).

[17]	A decision concerning the joinder of necessary parties under GRCP 19(b) is generally reviewed for an abuse of discretion. *Benavente v. Taitano*, 2006 Guam 15 ¶ 56 ("We find that because Rule 19(a) and (b) inquiries are fact-specific and involve the exercise of discretion, the abuse of discretion standard of review will apply to a trial court's Rule 19(a) and (b) determinations.").

[18]	Evidentiary rulings, including whether to admit testimony, are generally reviewed for abuse of discretion. *In re N.A.*, 2001 Guam 7 ¶ 19.

## IV.  ANALYSIS

### A.  The Trial Court Erred in Denying Intervention by Ocean Jet Club and Guam Ocean Park

[19]	Guam Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action:
>
> . . .
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Guam R. Civ. P. 24(a)(2).  The court in *Limtiaco v. Camacho (Guam Music, Inc.)*, 2009 Guam 7, established four elements which must be met to warrant intervention by right:

> (1) the motion to intervene must be timely; (2) the applicant must have a "significantly protectable interest" relating to the property or transaction that is the subject of the suit; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties.

2009 Guam 7 ¶ 10. These factors are to be "construed broadly in favor of intervention." *Id.* The trial court ruled that Ocean Jet Club and Guam Ocean Park's motion failed for untimeliness and a lack of a significantly protectable interest. RA, tab 43 at 9-10 (Dec. & Order). Ocean Jet Club and Guam Ocean Park argue that they satisfy all four elements, Appellants' Br. at 14, 21–22, while Joe's Jet Ski and DPR agree with the trial court that the motion was untimely and that both Ocean Jet Club and Guam Ocean Park lack protectable interests. Pet'r-Appellee's Br. at 9–10; Resp'ts-Appellees' Br. at 6 (June 26, 2020).

### 1. Timeliness

[20]     Timeliness of a motion to intervene is determined by the totality of the circumstances and is reviewed for an abuse of discretion. *Cho*, 2009 Guam 21 ¶ 21 (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)). An abuse of discretion warrants reversal when the reviewing court has a "definite and firm conviction the trial court, after weighing relevant factors, committed clear error of judgment in its conclusion." *People v. Tuncap*, 1998 Guam 13 ¶ 12 (citing *United States v. Plainbull*, 957 F.2d 724, 725 (9th Cir. 1992)). In determining whether a motion to intervene is timely under the totality of the circumstances, we must consider three factors: "(1) the reason for and length of the delay; (2) the prejudice to the other parties if the motion is granted; and (3) the stage of the proceedings at the time the applicant seeks to intervene." *Cho*, 2009 Guam 21 ¶ 21 (citing *Guam Music*, 2009 Guam 7 ¶ 12).

//

//

### a. Reason for and length of delay

[21]     Ocean Jet Club and Guam Ocean Park claim that the first factor supports intervention because "the sole reason for, and length of, delay in pursuing intervention can only be attributed to [Joe's Jet Ski's] secretive behavior" in not naming Ocean Jet Club or Guam Ocean Park as parties and because they acted promptly (within eleven days) once they received notice of the writ of prohibition. Appellants' Br. at 13. Ocean Jet Club and Guam Ocean Park argue that the relevant time from which timeliness should be measured is the date at which the would-be intervenor has knowledge that its interests are not adequately represented by the parties. *Id.*

[22]     Joe's Jet Ski and DPR contend the motion was untimely because it was filed 109 days after the judgment was entered and that the delay should be attributed to Ocean Jet Club and Guam Ocean Park because "neither . . . had a sufficient excuse for not protecting the rights they claim to have had." Pet'r-Appellee's Br. at 20; *see also* Resp'ts-Appellees' Br. at 11–12. This statement seems to imply that it is the burden of the applicant for intervention to show good cause why it did not move to intervene at an earlier date, a burden that would likely contradict the edict that all factors be "construed broadly in favor of intervention." *Guam Music*, 2009 Guam 7 ¶ 10.

[23]     DPR further argues that Ocean Jet Club and Guam Ocean Park's contention that timeliness should be measured from the point when the applicant for intervention discovered the risk to its interests is an improper analogy to the doctrine of "equitable tolling" or the "discovery rule" only applied in the context of fraud and medical malpractice. Resp'ts-Appellees' Br. at 12–13. As such, DPR argues that Ocean Jet Club and Guam Ocean Park had a "continuing obligation of reasonable diligence," and that timeliness should be measured from when Ocean Jet Club and Guam Ocean Park "could have discovered the wrongful acts with reasonable diligence." *Id.* at 13 (quoting *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 45). DPR argues that Ocean Jet Club and

Guam Ocean Park should have discovered the petition and the writ before entry of the judgment because the petition and all documents filed in this action were "publicly available documents," and therefore the length and reason for delay fall on them. *Id.* at 14.

[24]      Ocean Jet Club and Guam Ocean Park counter that they were not appealing to equitable tolling used to determine when a statute of limitations runs but rather the rule already established by this court in the context of intervention that "the relevant point from which timeliness should be determined is the point at which the proposed intervenor became aware that its interests were no longer being represented by an existing party's counsel." Appellants' Reply Br. at 4–5 (July 27, 2020) (quoting *Sablan v. Guam Land Use Comm'n*, 2011 Guam 12 ¶ 23); *see also Cho*, 2009 Guam 21 ¶¶ 22–23. They ask the court to reject the *Taitano* standard proposed by DPR. Ocean Jet Club and Guam Ocean Park further argue they had no reason to investigate whether any legal proceedings had been instituted in relation to the permit because (1) Ocean Jet Club held a permit for RWUMP-6 that on its face was still valid through June 2019, (2) DPR was mandated by 10 GAR § 6115(c) to allow Ocean Jet Club to continue to operate its business in RWUMP-6, and (3) the time had not yet come to renew the permit. Appellants' Br. at 13–14.

[25]      The trial court agreed with Joe's Jet Ski and DPR, finding that Ocean Jet Club and Guam Ocean Park would have discovered the threat earlier had they exercised due diligence in protecting their interests in the permit, and therefore the reason for the delay should be attributed to their own lack of diligence. This was in error, as it ignored the precedent of *Hee K. Cho v. Fujita Kanko Guam, Inc.*, 2009 Guam 21, and *Sablan v. Guam Land Use Commission*, 2011 Guam 12, and failed to construe the factors broadly in favor of intervention. The facts of *Cho* and *Sablan* differ slightly from the case at hand: both involved intervenors who were initially in harmony of interest with one or more parties to the action and sought intervention only after those interests diverged. *See,*

*e.g.*, *Sablan*, 2011 Guam 12 ¶ 24. Nonetheless, the analogy holds. In *Cho*, the court recognized that "[a]n applicant should not be expected to petition for intervention in instances in which it has no reason to believe its interests are not being properly represented." *Cho*, 2009 Guam 21 ¶ 22. An applicant equally should not be expected to petition for intervention where it has no reason to know its interests are implicated. Thus, we apply the same timeliness rule here, and the clock begins to run when the proposed intervenor becomes aware of a risk to its interests. *See Sablan*, 2011 Guam 12 ¶ 25.

[26] Here, Ocean Jet Club's permit was still valid until at least June 30, 2019. Neither Ocean Jet Club nor Guam Ocean Park knew or had reason to know of any threat to Ocean Jet Club's permit until June 13, 2019, when Ocean Jet Club learned of the writ while attempting to renew its permit. Therefore, the length of delay should be measured from June 13. The motion to intervene was filed eleven days later, on June 24. In both *Sablan* and *Cho*, the intervenors filed one day after discovering their interests would no longer be protected by existing parties. *Sablan*, 2011 Guam 12 ¶ 26 n.5; *Cho*, 2009 Guam 21 ¶ 23. However, the court in *Cho* found that a motion filed "within a reasonable amount of time after discovering" is still timely. 2009 Guam 21 ¶ 22. Therefore, we find that the eleven-day delay falls within the reasonable range.

### b. Prejudice to other parties

[27] The trial court also found that prejudice to Joe's Jet Ski weighed against timeliness. According to the trial court, Joe's Jet Ski would be prejudiced because it had been operating in Area 6 for at least a month when the motion was taken under advisement, and its operation and use would be disturbed if intervention were granted. However, we find this unpersuasive because any disturbance could be avoided by an order of the trial court allowing Joe's Jet Ski to continue operations pending the outcome of the litigation.

[28]     DPR also claims that intervention would prejudice the parties because the case "has already been fully litigated" and "[Ocean Jet Club] and [Guam Ocean Park] would have the court start all over again and cause existing parties to litigate the case a second time." Resp'ts-Appellees' Br. at 10–11. However, as Ocean Jet Club and Guam Ocean Park correctly point out, no extended litigation between DPR and Joe's Jet Ski would have to be repeated—DPR did not challenge the petition and agreed to a stipulated judgment allowing Joe's Jet Ski to retain the permit. Reply Br. at 3–4. Additional delay caused by a motion to intervene is not alone decisive in establishing prejudice; otherwise, no intervention would be possible because any intervention almost inevitably raises the prospect of prolonging the litigation. *Guam Music*, 2009 Guam 7 ¶ 19 (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997)). Analogously, the prospect of reopening closed litigation should not be enough *per se* to prevent an interested party from intervening, or aggrieved parties could never intervene post-judgment. Without a persuasive showing of unavoidable prejudice to either DPR or Joe's Jet Ski, the trial court erred in finding that the prejudice factor weighed against a finding of timeliness.

### c. Stage of proceedings

[29]     The trial court correctly found that the stage of proceedings supported granting the motion. In *Guam Music*, we held that even where a "motion to intervene occurred post-judgment does not necessarily require this court to find that the motion was untimely." 2009 Guam 7 ¶ 18. In *Guam Music*, gaming company Guam Music, Inc. ("Guam Music") sought to intervene post-judgment in an action between the Attorney General of Guam and the Department of Revenue and Taxation ("DRT") to compel DRT to revoke Guam Music's gaming license. *Id.* ¶ 1. The court found that "DRT ha[d] essentially resigned itself to obeying the writ," which left the applicant for intervention Guam Music "without a party willing to mount a post-judgment challenge," *id.* ¶ 18, and rendered

intervention "necessary to preserve some right which cannot otherwise be protected," *id.* (quoting *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953)). Therefore, we found the trial court had committed reversible error when it weighed the stage-of-proceedings factor against intervention and ultimately found the motion untimely. *Id.* ¶ 26.

[30] Here, DPR has similarly resigned itself to obeying the writ because it filed no opposing briefs to challenge the petition or the writ and agreed to the stipulated Judgment. As discussed below in Part IV(A)(2), Ocean Jet Club and Guam Ocean Park made a *prima facie* showing of rights implicated by the writ proceeding. Therefore, although the motion was filed post-judgment, intervention was necessary to preserve those rights, and, in accordance with *Guam Music*, the stage-of-proceedings factor weighs in favor of timeliness.

[31] Joe's Jet Ski urges this court to focus on a phrase in *Guam Music* which it says limits post-judgment interventions exclusively to motions filed before the time to appeal has expired. Pet'r-Appellee's Br. at 19–20. This portion of the opinion reads: "Post-judgment motions to intervene are not necessarily untimely, and have been allowed when made before the time to appeal has run." *Guam Music*, 2009 Guam 7 ¶ 12. Joe's Jet Ski argues that the motion to intervene should be denied because it was filed 109 days after the judgment was entered on the docket on March 6, 2019, and not within the 30 days to appeal as established by Guam Rule of Appellate Procedure 4. Pet'r-Appellee's Br. at 19–20. However, taken in its full context, *Guam Music* does not hold that post-judgment motions to intervene must in all circumstances be filed before the expiration of the time to appeal. Rather, the opinion focuses on whether intervention is "necessary to preserve some right which cannot otherwise be protected" without further mention of a standard based on the time to appeal. 2009 Guam 7 ¶ 18 (quoting *Pellegrino*, 203 F.2d at 465). We decline to adopt

Joe's Jet Ski's interpretation of *Guam Music*, and we find that the stage of proceedings weighed in favor of timeliness despite falling after the time to appeal.

[32]    The trial court committed clear error of judgment when it rejected the motion to intervene as untimely because all three *Cho* factors support timeliness.

### 2. Significantly protectable interest

[33]    In *Guam Music*, we held that a party seeking intervention must show that "the interest [asserted] [relating to the subject of the suit] is protectable under some law," and that "there is a 'relationship between the legally protected interest and the claims at issue.'"  2009 Guam 7 ¶ 27 (first alteration in original) (quoting *Sierra Club v. US EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). Appellants argue that "[t]he status of Ocean Jet's permit and [Guam Ocean Park's] license is the central issue in this lawsuit.  As such, both Ocean Jet and [Guam Ocean Park] have a significantly protectable interest in the lawsuit."  Reply Br. at 8.  Joe's Jet Ski and DPR contend that Ocean Jet Club had no legally protected right to the permit or to its renewal because it either relinquished or abandoned the permit when it filed for bankruptcy and discontinued its jet ski operations in the area.  *E.g.*, Resp'ts-Appellees' Br. at 22–27.  Joe's Jet Ski and DPR further contend that the agreement to license use of the permit between Ocean Jet Club and Guam Ocean Park was unlawful and therefore demonstrates a further abandonment of the permit by Ocean Jet Club and negates any claimed interest Guam Ocean Park might have to the proceedings through its contractual rights.  *Id.* at 16–19, 27.

[34]    In *Cho*, this court held:

> In applying Rule 24, we agree with jurisdictions that have determined an application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert.  Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.  The fact that an applicant's claim ultimately fails does not affect his status at the time when he first appeared

in the suit. "In evaluating the motion to intervene, *the district court must accept as true the non-conclusory allegations of the motion and cross-complaint*."

2009 Guam 21 ¶ 28 (emphasis added) (internal citations omitted). The *Cho* court "accept[ed] as valid" the alleged contractual right of the would-be intervenor at issue in the case "for purposes of evaluating the motion to intervene." *Id.* ¶ 29. Similarly, we must accept as true the non-conclusory claims of Ocean Jet Club and Guam Ocean Park, so long as the interests claimed would amount to a "significantly protectable interest" relating to the subject of the suit.

[35] The purported interest of Guam Ocean Park is based upon a contractual agreement between itself and Ocean Jet Club and is therefore contingent on the interest, if any, of Ocean Jet Club in the litigation. Thus, we discuss the interests of each intervenor.

### a. Interest of Ocean Jet Club

[36] The trial court erred in finding that Ocean Jet Club did not have a significantly protectable interest in the outcome of the proceeding because Ocean Jet Club held a permit for RWUMP-6 that was still valid when the writ was issued and, as the current permit holder, had the priority right to renew the permit for the following year beginning on July 1, 2019. Any doubts should be resolved in favor of Ocean Jet Club as intervenor.

[37] Title 10 GAR § 6115(c) provides that "[a]ll MWRC vendors with authorized permits shall be allowed to continue to operate from year to year in the RWUMP area already designated in their permit." The plain meaning of this statutory provision provides a right for existing permit holders to renew their permit each year for the same area in which they already operate and is confirmed by other provisions of Title 10, Chapter 6 of the GAR. *See, e.g.*, 10 GAR § 6115(g)(2) (recognizing renewal of permit and requiring payment of annual fee to be processed before August 31); *id.* § 6115(i) ("Permits shall be renewable on an annual basis."). Ocean Jet Club was granted a permit to operate in RWUMP-6 from July 1, 2018, to July 2019. Ocean Jet Club had held the

same permit continuously for approximately 28 years. According to Ocean Jet Club, it never relinquished or abandoned its 2018-2019 RWUMP permit. Appellants' Br. at 5. Title 10 GAR § 6115(g)(2) states:

> A yearly user's fee of $1,000.00 for July 1 to June 30 shall be payable to [DPR]. . . . The entire fee shall be payable on or before June 30. . . . Failure to renew a permit and pay the entire fee by August 31st, shall void a renewal of applicant's permit from the prior obligation of Section 3.

10 GAR § 6115(g)(2). Thus, the GAR does not specify when a renewal application must be received other than to note that the fee is payable by June 30 and that failure to submit the renewal and pay the fee by August 31 (two months after the permit would have expired) would void the renewal. DPR received a renewal application from Ocean Jet Club on June 25, 2019, before both the June 30 and August 31 cut-offs.

[38]     These were not unsupported, conclusory claims; they were backed by evidence submitted before the court—including the permit itself, the DPR memo to Joe's Jet Ski, the business permit application, and the application to renew the permit—and established that Ocean Jet Club had a protectable interest in the 2018-2019 permit and the future right to renew that permit under the GAR. As in *Cho*, the trial court should have accepted as valid these claims for the limited purpose of evaluating the motion to intervene because "intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert." 2009 Guam 21 ¶ 28. Instead, the trial court improperly engaged in a lengthy analysis of the underlying merits, including the effect of Ocean Jet Club's bankruptcy filing on its permit and the legality of the contract between Ocean Jet Club and Guam Ocean Park.

[39]     The trial court should have taken Ocean Jet Club's supported claims as valid for the purpose of the motion to intervene rather than entering into a flawed analysis of the merits

underlying those claims. We reverse the finding that Ocean Jet Club lacked a significantly protectable interest in the outcome.

### b. Interest of Guam Ocean Park

[40]    Because we find that Ocean Jet Club had a significantly protectable interest in the outcome of the writ proceeding, we also find that Guam Ocean Park has a significantly protectable interest based on its contractual agreement with Ocean Jet Club to license the use of the RWUMP-6 permit, regardless of the underlying merits concerning the legality of the contract.

[41]    On March 15, 2019, Ocean Jet Club and Guam Ocean Park entered a "Settlement Agreement" wherein Ocean Jet Club granted Guam Ocean Park an "exclusive and irrevocable license to use [Ocean Jet Club's] RWUMP-06 permit for an indeterminate amount of time." RA, tab 43 at 4 (Dec. & Order). In exchange, Guam Ocean Park would "provide for the continued existence of [Ocean Jet Club] and [Ocean Jet Club's] business so that [Guam Ocean Park] can continue to use the [Ocean Jet Club] RWUMP Permit far into the future." RA., tab 22, Ex. B at 2 (Mot. Set Aside or Amend J. & Intervene). Reference should not be made to the ultimate merits of the legality of the contract, and the factors for intervention should be construed liberally, with any doubts resolved in favor of Guam Ocean Park as the proposed intervenor. *See Cho*, 2009 Guam 21 ¶ 28. Because Guam Ocean Park made a non-conclusory, contractual claim to an interest in Ocean Jet Club's permit which formed the subject matter of the litigation, the inquiry ends there.

### 3. Impair or impede interest

[42]    The third element established in *Guam Music* is that the applicant for intervention be so situated that "disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest." 2009 Guam 7 ¶ 10. Because only one permit for each RWUMP area is issued each year, with the permit holder possessing the first right to renew the permit for

the following year, RA, tab 43 at 2 (Dec. & Order); 10 GAR § 6115(c), the rights of Ocean Jet Club, and by extension Guam Ocean Park, to possess or use the RWUMP-6 permit were impeded by disposition of the writ and judgment compelling DPR to issue the permit to Joe's Jet Ski instead.

### 4. Inadequately represented by existing parties

[43]     The trial court found that "no party is willing to bring any post-judgment challenges that would protect [Ocean Jet Club's] purported rights" because "DPR did not file any opposing motions" and "readily agreed to the mandate at the hearing to show cause." RA, tab 43 at 6 (Dec. & Order). Because DPR did not oppose the writ and agreed to a stipulated judgment with Joe's Jet Ski, the interests of Ocean Jet Club and Guam Ocean Park were not adequately represented by any existing party, and the final element of intervention is satisfied.

[44]     Thus, Ocean Jet Park and Guam Ocean Park's motion to intervene should have been granted. We reverse the order of the trial court and vacate the Judgment so that proceedings may continue with all parties participating.

## B. Necessary Parties

[45]     Ocean Jet Club and Guam Ocean Park also claim they should have been joined as necessary parties under GRCP 19. *See* Appellants' Br. at 29. However, this issue is rendered moot by our reversal of the denial of the motion to intervene.

## C. The Trial Court Erred in Denying the Motion to Set Aside Judgment

[46]     Guam Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right.   Upon timely application anyone shall be permitted to intervene in an action:
>
>           . . .
>
>           (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a

practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Guam R. Civ. P. 24(a)(2). The rules are silent as to what procedure must be followed when a post-judgment motion to intervene is granted. Occasionally, this court and other jurisdictions have found that granting a post-judgment motion to intervene also necessitated vacating the judgment. *See, e.g.*, *Rapadas v. Benito*, 2011 Guam 28 ¶¶ 5–7, 34–35; *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 303–04 (Mo. 1991) (en banc). Here, the trial court erred in denying the motion to amend or set aside the judgment because it applied the wrong standard of GRCP 55(c).[4] Rule 55(c) is the appropriate standard to apply in the case of default judgments, whereas Rule 60(b) is the appropriate standard to apply in the case of stipulated judgments. This correct standard, Rule 60(b)(6), supports reversal. Therefore, we find the judgment must be vacated.

[47]     A trial court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Midsea Indus., Inc. v. HK Eng'g, Ltd.*, 1998 Guam 14 ¶ 4; *see also Rapadas*, 2011 Guam 28 ¶ 12. This standard of review affords "broad latitude to trial courts." *Midsea*, 1998 Guam 14 ¶ 4; *see also Duenas v. Brady*, 2008 Guam 27 ¶ 9. A trial court's decision will not be reversed absent "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." *Santos v. Carney*, 1997 Guam 4 ¶ 4 (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). "A trial court abuses its discretion when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which the judge could have rationally based the decision." *Guam Econ. Dev. Auth. v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 8 (quoting *Quitugua v. Flores*, 2004 Guam 19 ¶ 12 (per curiam)).

---

[4] The trial court held that "[a] court may set aside a default or default judgment for good cause." RA, tab 43 at 13 (Dec. & Order, Nov. 20, 2019).

**[48]**    Following the discussion of the motion to intervene, the Superior Court ruled that "it is still improper to set aside or amend the judgment." RA, tab 43 at 14 (Dec. & Order). However, the court erroneously applied the elements for setting aside a default judgment under GRCP 55(c), when the judgment in question was not a default judgment but a stipulated judgment governed by GRCP 60(b).[5] Directly referencing its findings from the intervention discussion, the trial court ruled that setting aside or amending the judgment was improper because the movants had "culpable conduct," the movants lacked a meritorious defense, and the plaintiff would be prejudiced if the judgment was set aside. *Id.* at 14. However, the court abused its discretion when it based its decision on the erroneous standard of GRCP 55(c) and relied heavily on its flawed intervention analysis to support the denial. The proper legal standard which should have been applied in reviewing the motion is GRCP 60(b).

**[49]**    This is an unusual intervention case; our previous cases have generally involved intervention by an entity connected to and whose interests were adequately protected by an existing party to the litigation, but who later sought intervention when those interests diverged. *See, e.g.*, *Sablan*, 2011 Guam 12 ¶ 24; *Cho*, 2009 Guam 21 ¶¶ 22–23. Amending or setting aside the judgment may not always be required when a post-judgment motion to intervene is granted, but where a party with a significant protectable interest was wholly uninvolved in, and uninformed of, the original proceedings, it may be warranted where one of the GRCP 60(b) reasons is present. Rule 60(b) provides that the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for various reasons, including when "(5) . . . it is no longer equitable

---

[5] The trial court noted that both Joe's Jet Ski and DPR stipulated to granting the writ of mandamus prohibiting DPR from granting the RWUMP-06 permit to any party other than Joe's Jet Ski. RA, tab 43 at 6 (Dec. & Order). The trial court stated that it entered judgment pursuant to that mandate. *Id.*

that the judgment should have prospective application; or (6) [for] any other reason justifying relief from the operation of the judgment." Guam R. Civ. P. 60(b)(5)-(6).

[50]     Here, Ocean Jet Club did not identify under which subsection of GRCP 60(b) it sought amendment in its original motion, but argued "[Ocean Jet Club] was improperly not named as an indispensable party and was improperly not given notice," and that "[t]he judgment is improper and clearly ignores 10 GAR § 6115(c), and . . . denies [Ocean Jet Club] its protected interest of renewing its own RWUMP Permit." RA, tab 22 at 4 (Mot. Set Aside J. & Intervene). We find these reasons fall under GRCP 60(b)(5) as inequitable and the catch-all of GRCP 60(b)(6).

[51]     First, the judgment is inequitable because Ocean Jet Club was not named as an indispensable party or given any notice of the proceedings, even though both parties to the original suit knew that Ocean Jet Club held the current permit at issue in the litigation. As DPR itself noted in the memo to Joe's Jet Ski of November 9, 2018, "Joe Stadler, dba Joe's Jet Ski, is next in line for the RWUMP permit for area number 6. *Should the current permit holder relinquish the permit*, Mr. Stadler will be able to acquire the permit, provided he and his company meet the listed requirements." RA, tab 33, Ex. A (Memo from Jonathan Cramer) (emphasis added). Thus, DPR confirmed the plain meaning of the statute, that existing permit holders have the right to renew their permit from year to year and that a new applicant may obtain a permit only if the current permit holder relinquishes it. The conditional language of the memo also confirms that, as of November 9, DPR did not consider Ocean Jet Club to have relinquished its permit, even though Ocean Jet Club's bankruptcy petition, which DPR now claims constituted abandonment of the permit by non-use, *see* Resp'ts-Appellees' Br. at 24–25, had been filed on September 27, *see* RA, tab 43 at 3 (Dec. & Order). We also find it would be inequitable to let a stipulated judgment

affecting the substantial rights of an intervenor stand where there lacked any presentation of arguments or opposition by the defendant.

[52]　Second, the judgment also meets the requirements of GRCP 60(b)(6). "The power vested in the courts under Rule 60(b)(6) is sufficient to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 18 (citing *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949)). However, Rule 60(b)(6) constitutes an extraordinary form of relief and "requires a showing of exceptional circumstances." *Parkland Dev., Inc. v. Anderson*, 2000 Guam 8 ¶ 6 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 609 (7th Cir. 1986)). *Brown v. Eastman Kodak Co.*, 2000 Guam 30, clarifies that to obtain relief under GRCP 60(b)(6), "a party 'must show extraordinary circumstances suggesting that a party is faultless in the delay.'" 2000 Guam 30 ¶ 32 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Extraordinary circumstances have included gross negligence by a movant's former counsel in failing to prosecute the case. *Id.* ¶ 26.

[53]　Here, there were extraordinary circumstances warranting GRCP 60(b)(6) relief given the bad faith of both Joe's Jet Ski and DPR in failing to notify Ocean Jet Club of the writ proceeding despite both parties' knowledge that Ocean Jet Club was still in possession of a valid permit and thus was a real party in interest. As we held in *Brown*:

> Under Rule 60(b)(6), in addition to showing an extraordinary set of facts, the movant must satisfy the court that it has a meritorious case, that substantial injustice to the movant would otherwise result, and that it would be appropriate to set aside default so that the case can proceed to the merits.

2000 Guam 30 ¶ 25. For Ocean Jet Club, the first two elements are satisfied because it can show that it held a valid permit and a facially valid claim to a right to renew, and substantial injustice would result if the judgment depriving Ocean Jet Club of that property interest were allowed to stand with no participation by Ocean Jet Club. Guam Ocean Park can show a *prima facie* claim

based on its contractual agreement with Ocean Jet Club regarding a license to use the permit. In *Brown*, the court found it appropriate to set aside the judgment because "this jurisdiction favors adjudication on the merits." *Id.* Although the judgment in *Brown* was a default summary judgment, the facts here are analogous in that the original judgment was a stipulated judgment in which the merits of the intervenors' case were not adjudicated, and it would equally be appropriate to allow the claims of Ocean Jet Club and Guam Ocean Park to be adjudicated on the merits.

[54]     Applying this standard of GRCP 60(b), we find that the motion was timely. Rule 60 requires only that the motion:

> be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as required by law, or to set aside a judgment for fraud upon the court.

Guam R. Civ. P. 60(b). Here, Ocean Jet Club moved within a reasonable time of eleven days after learning of the judgment affecting its interest and can be said to be faultless in the delay. RA, tab 43 at 4 (Dec. & Order). Thus, relief under GRCP 60(b) is warranted.

**D. Witness Testimony**

[55]     In a cursory discussion at the end of their opening brief, Ocean Jet Club and Guam Ocean Park argue that the trial court abused its discretion in denying them the opportunity to offer witness testimony or to make an offer of proof or otherwise establish a record of the substance of the testimony they wished to present. Appellants' Br. at 31. *In re N.A.*, 2001 Guam 7, established that, "[a]t the very least, some record of the substance of the [excluded] evidence must be made so as to enable an appellate court to make a determination of admissibility and whether its exclusion was prejudicial to the proponent." 2001 Guam 7 ¶ 25. Any record of substance of the proffered evidence is lacking in this case, such that, even if we could determine that the exclusion was an

abuse of discretion, we could not determine if that abuse was harmless or prejudicial. Ocean Jet Club and Guam Ocean Park appear to argue that they were denied an opportunity to make such an offer of proof. They cite *In re N.A.* for the proposition that the denial of that opportunity in itself was an abuse of discretion. Appellants' Br. at 31.

[56]     Leaving aside that *In re N.A.* does not appear to support this assertion, DPR argues that Ocean Jet Club's and Guam Ocean Park's attorneys "did not even attempt to make an offer of proof regarding the relevancy or admissibility of the anticipated testimony." Resp'ts-Appellees' Br. at 35–36. We agree; it is not clear from the record that either counsel offered such proof and was denied by the court. Guam Ocean Park's attorney merely stated, "[W]e have a witness, who's apparently up in [another] courtroom. His name is William Pelletier. He's associated with the Ocean Jet Club . . . ." Transcript ("Tr.") at 3 (Mot. Hr'g, Aug. 1, 2019). Joe's Jet Ski's counsel then interrupted to object to any witnesses at that hearing for lack of notice and as irrelevant to the question of intervention, which should be based on the pleadings. *Id.* at 3–4. The court stated that it would not take testimony "at this time" and that it would give Ocean Jet Club and Guam Ocean Park another hearing date. *Id.* at 4. That concluded the discussion of the witness.

[57]     At no point did either Ocean Jet Club's or Guam Ocean Park's counsel attempt to offer proof or otherwise establish for the record the content of the proposed testimony. *See id.* at 3–4. Although counsels may have refrained from such an attempt based on the promise by the court that the testimony would be heard on another hearing date, the court nonetheless cannot be said to abuse its discretion in "not permitting" something which counsel did not attempt. Appellants' Br. at 31. Therefore, we do not find an abuse of discretion in denying the witness testimony and need not order the trial court to hold an evidentiary hearing, although the trial court may find it prudent to do so in further proceedings upon remand.

## E. Subject Matter Jurisdiction

[58]    Finally, Ocean Jet Club and Guam Ocean Park challenge the subject matter jurisdiction of the trial court to issue the writ because Joe's Jet Ski lacked standing. Appellants' Br. at 25. According to Ocean Jet Club and Guam Ocean Park, Joe's Jet Ski had not established an injury in fact and had no standing because Joe's Jet Ski "offered the trial court no proof that DPR, in fact, intended to issue a permit to [Guam Ocean Park]." *Id.* Joe's Jet Ski counters that "a properly verified petition may be treated as a declaration or affidavit" so the verified statements of Joe's Jet Ski's president submitted with the petition were "sufficient evidence through which the Trial Court could determine that an injury was going to occur, and immediate action needed to be taken." Pet'r-Appellee's Br. at 22 (quoting *ViaView, Inc. v. Retzlaff*, 204 Cal. Rptr. 3d 566, 581 (Ct. App. 2016)).

[59]    If the standing of a party depends on that party's status or right in relation to the *res*, it would be circular to say that a court cannot determine the merits of that status because the status has not been proven with certainty at the threshold standing level. Rather, all that standing requires is a colorable claim. *See Guarnieri v. Guarnieri*, 936 A.2d 254, 260 (Conn. App. Ct. 2007) (standing requires "colorable claim of injury"); *see also In re Baskin's Appeal from Probate*, 484 A.2d 934, 936 (Conn. 1984) ("[T]he existence of aggrievement depends upon '*whether there is a possibility*, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" (alteration in original) (emphasis added) (quoting *Merrimac Assocs., Inc. v. DiSesa*, 429 A.2d 967, 970 (1980))). Here, the record does not appear to contain direct evidence that DPR imminently intended to issue the permit to Guam Ocean Park instead of Joe's Jet Ski. However, the petition, verified by Joe's Jet Ski's president Joe Stadler, states that the prior permit holder "surrendered its RWUMP 6 permit to DPR" and that "[Joe's Jet Ski] has been informed by

DPR that DPR intends to move forward with the immediate issuance of a permit to Guam Ocean Park Corporation." RA, tab 1 at 11 (V. Pet. Alt. Writ Prohibition). With the DPR memo confirming that Joe's Jet Ski is next in line to receive the permit if the current permit holder relinquished the permit, these verified statements are enough to establish a possibility of imminent injury to a legally protected interested, whether or not they are demonstrably true from the current record. Joe's Jet Ski did have standing to sue for the writ, and the trial court has subject matter jurisdiction to decide the matter.

## V. CONCLUSION

[60]     We **REVERSE** the denial of the motion to intervene, **VACATE** the Judgment of March 5, 2019, and **REMAND** for further proceedings not inconsistent with this opinion.


|  /s/  |  /s/  |
|:---:|:---:|
| KATHERINE A. MARAMAN | JOHN A. MANGLONA |
| Associate Justice | Justice *Pro Tempore* |


/s/
F. PHILIP CARBULLIDO
Chief Justice